Filed 11/25/20  P. v. Smith CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>KENNY LYNN SMITH,<br><br>    Defendant and Appellant. | C089836<br><br>(Super. Ct. No. 18FE020878) |

Defendant Kenny Lynn Smith timely appeals his judgment of conviction requesting remand (1) so that the superior court may strike his two prior prison term enhancements pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), and (2) for an ability to pay determination on certain fines and fees in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  The People concede that defendant is entitled to relief under Senate Bill 136, but disagree that he is entitled to an ability to pay hearing.

1

We will strike the prior prison term enhancements as requested, but find that defendant has forfeited his *Dueñas* argument.  We will affirm the judgment as modified.

BACKGROUND

The People's April 4, 2019 amended information charged defendant with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count one) and receiving a stolen motor vehicle valued at more than $950 (Veh. Code, § 496d, subd. (a); count two). It also was alleged that defendant was subject to enhancements for a prior Vehicle Code section 10851, subdivision (a) conviction (Pen. Code, § 666.5, subd. (a)),[1] a prior strike (§§ 667, subds. (b)-(i), 1170.12), and two prior prison terms (§ 667.5, subd. (b)).

Defendant was tried by a jury who found him guilty as charged.  In a bifurcated proceeding, the trial court determined the enhancement allegations were true. Defendant's motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 was denied.

On May 10, 2019, the trial court sentenced defendant to six years for count one (the midterm doubled because of the strike prior).  The court also imposed six years for count two, but stayed that sentence pursuant to section 654, and stayed the two one-year prior prison term enhancements.  Finally, the court imposed a $400 restitution fine (§ 1202.4, subd. (b)), a $400 parole revocation restitution fine (§ 1202.45),[2] two $30 criminal conviction assessments (Gov. Code, § 70373), and two $40 court operations assessments (§ 1465.8).  Defendant timely appealed.

---

**1**    Undesignated statutory references are to the Penal Code.

**2**    The trial court failed to suspend this fine pending successful completion of parole as required (§ 1202.45, subd. (c)).  We will correct this omission.  (*People v. Smith* (2001) 24 Cal.4th 849, 853-854 [errors concerning parole revocation restitution fine correctable on appeal without the need to remand for further proceedings].)

DISCUSSION

I

Effective January 1, 2020, Senate Bill 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) narrowed eligibility for the one-year prior prison term enhancement to those who have served a prison sentence for a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).)

We agree with the parties that Senate Bill 136's amendment should be applied retroactively in this case. Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307 [noting "the role of a court is to determine the intent of the Legislature"].) Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However, where the Legislature has reduced punishment for criminal conduct,[3] an inference arises under *In re Estrada* (1965) 63 Cal.2d 740 that, " 'in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara, supra*, at p. 308.) Conversely, the *Estrada* rule " 'is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of an express savings clause or its equivalent.' " (*People v. Floyd* (2003) 31 Cal.4th 179, 185, italics omitted.)

Here, Senate Bill 136 (2019-2020 Reg. Sess.) narrowed the scope of offenders who are eligible for a section 667.5, subdivision (b) prior prison term enhancement, thus rendering ineligible many individuals, including defendant, who served prison sentences

---

[3]     "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. (*People v. Francis* (1969) 71 Cal.2d 66, 75-78.)" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

for nonsexually violent offenses.[4] There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals whose sentences are not yet final. Under these circumstances, we find that *Estrada*'s inference of retroactive application applies. (See, e.g., *People v. Nasalga* (1996) 12 Cal.4th 784, 797-798 [applying *Estrada* inference of retroactivity to legislative changes to § 12022.6, subd. (a) & (b) enhancements].) Accordingly, we will amend the judgment to strike defendant's two one-year prior prison term enhancements.

## II

Defendant challenges the court's imposition of a $400 restitution fine (§ 1202.4, subd. (b)), two $30 criminal conviction assessments (Gov. Code, § 70373), and two $40 court operation assessments (§ 1465.8), citing *Dueñas, supra*, 30 Cal.App.5th 1157, requesting remand for an ability to pay determination. Without reaching the merits, we agree with the People that defendant forfeited this challenge.

Defendant was sentenced on May 10, 2019, over four months after issuance of the *Dueñas* decision. (*Dueñas, supra*, 30 Cal.App.5th 1157 [decided Jan. 8, 2019].) Therefore, his failure to raise *Dueñas* at sentencing forfeits this argument by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for review, it must be raised in the trial court].)

Further, defendant was ordered to pay a restitution fine of $400, which is $100 above the statutory minimum (§ 1202.4, subd. (b)(1)). Thus, defendant's ability to pay was already at issue by virtue of section 1202.4, subdivisions (c) and (d), and defendant bore the burden of demonstrating any inability to pay (§ 1202.4, subd. (d)). His failure to object and demonstrate an inability to pay further operates to forfeit this argument. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court

---

**4**     Defendant had served prior prison terms for possession of a controlled substance for sale (Health & Saf. Code, § 11351) and corporal injury on a spouse (§ 273.5).

erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [challenge to $10,000 restitution fine forfeited by failure to object to alleged inadequate consideration of defendant's ability to pay]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [rejecting argument that defendant was exempted from forfeiture because his restitution fine amounted to an unauthorized sentence based upon his inability to pay]; see also *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [defendant's failure to challenge restitution fine was a classic example of circumstance appropriate for forfeiture rule].)

That defendant's ability to pay claims are constitutional in character does not alter the application of the forfeiture doctrine. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule related to prophylactic advisements concerning significant rights did not apply to claim concerning failure to obtain express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' "].)

Defendant's reliance on *People v. Jenkins* (2019) 40 Cal.App.5th 30 is misplaced. Like the defendant in *Jenkins*, here, defendant failed to object to a restitution fine that was above the statutory minimum of $300. (*Id*. at p. 40; see § 1202.4, subd. (b)(1).) Nothing in *Jenkins* requires affirmative acquiescence to imposition of a fine for the forfeiture doctrine to apply.

DISPOSITION

We modify the judgment to strike defendant's two one-year prior prison term enhancements imposed under section 667.5, subdivision (b). The judgment is further modified to suspend the $400 parole revocation restitution fine pending defendant's successful completion of parole (§ 1202.45). The superior court is directed to prepare an

5

amended abstract of judgment and forward a certified copy thereof to the California Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.


                                                   _____KRAUSE_____, J.


We concur:


_____ROBIE_____, Acting P. J.


_____MURRAY_____, J.